# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

FRED DANIEL REEVES, JR.,

        Petitioner,               Case Number: 03-40282

v.                                    HONORABLE PAUL V. GADOLA

WILLIE D. SMITH,

        Respondent.
_____/

## ORDER DENYING PETITIONER'S MOTION FOR IMMEDIATE RELEASE FROM CUSTODY

Petitioner Fred Daniel Reeves, Jr., a state inmate currently incarcerated at the Baraga Maximum Correctional Facility in Baraga, Michigan, filed a *pro se* petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254. On July 19, 2004, the Court issued an Opinion and Order dismissing Petitioner's unexhausted claims without prejudice, and staying proceedings with respect to Petitioner's remaining claims. Petitioner has twice filed motions for bond pending final disposition of his habeas corpus petition. The Court denied both motions. Now before the Court is Petitioner's Motion for Immediate Release from Custody in which Petitioner again asks the Court to grant him release on bond pending exhaustion of his state court remedies and disposition of his habeas corpus petition.

To receive bond pending a decision on the merits of a habeas corpus petition, a petitioner must show a substantial claim of law based on the facts surrounding the petition and the existence of "some circumstance making the [motion for bond] exceptional and deserving of special treatment in the interests of justice." *Aronson v. May*, 85 S. Ct. 3, 5 (1964); *Dotson v.*

*Clark*, 900 F.2d 77, 79 (6th Cir. 1990).  "There will be few occasions where a prisoner will meet this standard."  *Dotson*, 900 F.2d at 79.  Because a habeas petitioner "is appealing a presumptively valid state conviction . . . it will indeed be the very unusual case where a habeas petitioner is admitted to bail prior to a decision on the merits in the habeas case."  *Lee v. Jabe*, 989 F.2d 869, 871 (6th Cir. 1993).  Petitioner's motion fails to establish the existence of any extraordinary and exceptional circumstances which merit immediate release on bond.  Therefore, the Court denies the motion.

    For the foregoing reasons, **IT IS ORDERED** that Petitioner's Motion for Immediate Release is **DENIED**.

    **SO ORDERED**.

Dated: September 13, 2005

s/Paul V. Gadola
PAUL V. GADOLA
UNITED STATES DISTRICT JUDGE

## CERTIFICATE OF SERVICE

I hereby certify that on   September 13, 2005   , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:                              Brenda E. Turner                                                        ,
and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:
                        Fred Daniel Reeves, Jr.                                                                               
                                                                                                                    .

                                                           s/Ruth A. Brissaud                        
                                                           Ruth A. Brissaud, Case Manager
                                                           (810) 341-7845