UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FRED DANIEL REEVES, JR.,

        Petitioner,                                    Case Number: 03-CV-40282

v.                                                    HON. PAUL V. GADOLA

WILLIE D. SMITH,

        Respondent.
_____/

**OPINION AND ORDER DENYING PETITIONER'S "MOTION TO LIFT STAY FOR ISSUANCE OF A BOND PENDING EXHAUSTION OF STATE COURT REMEDIES AND DETERMINATION OF HABEAS CORPUS PETITION"**

      Petitioner Fred Daniel Reeves, Jr., a state inmate, filed a *pro se* petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254. On July 19, 2004, the Court issued an order staying further proceedings in this matter and administratively closing the case. Now before the Court is Petitioner's "Motion to Lift Stay for Issuance of Bond Pending Exhaustion of State Court Remedies and Determination of Habeas Corpus Petition."

      The Court stayed further proceedings in this matter because the Court found that Petitioner had failed to exhaust his state court remedies with respect to all but his first claim for habeas corpus relief. Petitioner filed in the trial court a motion for relief from judgment on March 25, 2002, which, at the time the Court stayed proceedings in this matter, was still pending before the trial court. In issuing the stay, the Court ordered Petitioner to return to this Court to request that the stay be lifted within thirty days of exhausting state court remedies. Petitioner reports that, on September 30, 2004, the trial court denied his motion for relief from judgment. In September 2005, Petitioner filed an

application for leave to appeal in the Michigan Court of Appeals. That application remains pending before the Michigan Court of Appeals. Thus, Petitioner has not yet exhausted his state court remedies.

Petitioner argues that the stay, nevertheless, should be lifted because the duration of his remaining sentence is so short that it is likely to be served before resolution of his petition. On February 7, 1995, Petitioner was sentenced to one to fifteen years imprisonment for an assault with intent to rob conviction. The Michigan Department of Corrections lists his maximum discharge date as February 7, 2009. While he may be released prior to that date on parole, the expiration of his sentence is not imminent. Moreover, even if the Court assumes that his release is imminent, the stay shall not be lifted. The impending expiration of a sentence does not excuse 28 U.S.C. § 2254(b)'s exhaustion requirement. If Petitioner is released on parole prior to the exhaustion of his state court remedies, his habeas petition is not rendered moot. *Turner v. Bagley*, 401 F.3d 718, 726 (6th Cir. 2005). Thus, the Court shall deny Petitioner's request to lift the stay.

Petitioner also seeks release on bond pending exhaustion of his state court remedies and disposition of his habeas corpus petition. Petitioner twice previously has moved for release on bond pending disposition of the pending petition. The Court denied both motions. *See* Order Denying Motion for Bond, January 20, 2004; Order Denying Motion for Bond, August 5, 2004. For the reasons set forth in the Court's two previous orders, the Court again denies Petitioner release on bond.

Accordingly, **IT IS ORDERED** that Petitioner's "Motion to Lift Stay for Issuance of Bond Pending Exhaustion of State Court Remedies and Determination of Habeas Corpus Petition" is

**DENIED**.  The denial is without prejudice to Petitioner's right to request that the stay be lifted once he has presented his unexhausted claims to the Michigan Court of Appeals and Michigan Supreme Court.

**SO ORDERED.**


Dated:  December 29, 2005                                          s/Paul V. Gadola
                                                                   HONORABLE PAUL V. GADOLA
                                                                   UNITED STATES DISTRICT JUDGE

---

Certificate of Service

I hereby certify that on  December 30, 2005  , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:  Brenda E. Turner , and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:  Fred Reeves .


                                                                   s/Ruth A. Brissaud
                                                                   Ruth A. Brissaud, Case Manager
                                                                   (810) 341-7845