# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

FRED DANIEL REEVES, JR.,

        Petitioner,                      Case Number: 03-CV-40282

v.                                                 HON. PAUL V. GADOLA

WILLIE D. SMITH,

        Respondent.
_____/

## ORDER (1) GRANTING PETITIONER'S MOTION TO REINSTATE MOTION FOR ORAL ARGUMENT, MOTION FOR APPOINTMENT OF COUNSEL, AND MOTION TO PRODUCE ALL RECORDS HELD AT CIRCUIT COURT AND (2) DENYING REINSTATED MOTIONS

Petitioner Fred Daniel Reeves, Jr., is a state inmate currently incarcerated at the Baraga Maximum Correctional Facility, in Baraga, Michigan. He filed a *pro se* petition for a writ of habeas corpus on November 5, 2003. On July 19, 2004, the Court issued an Opinion and Order dismissing without prejudice Petitioner's unexhausted claims, and staying further proceedings pending exhaustion of state court remedies. In that Opinion and Order, the Court also denied without prejudice Petitioner's Motion for Oral Argument [docket entry #32], Motion for Appointment of Counsel [docket entry #34], and Motion to Produce All Records Held at Circuit Court [docket entry #33]. Petitioner subsequently filed a Motion to Lift Stay, which the Court granted on July 26, 2007. Now before the Court is Petitioner's Motion to Reinstate Motion for Oral Argument, Motion for Appointment of Counsel, and Motion to Produce All Records Held at Circuit Court (Motion to Reinstate).

In the Motion to Reinstate, Petitioner argues that it is appropriate to reinstate those motions

because the stay has been lifted and the matter reopened. The Motions were previously denied without prejudice. The Court finds it appropriate to reinstate those motions and, therefore, grants Petitioner's Motion to Reinstate. The Court now considers the merits of each of these motions.

First, Petitioner seeks oral argument in this case because "[t]he issues involved in the case are somewhat complex, and recent court decisions warrant discussion of their applicability to this case." Motion for Oral Argument, p. 2. The Court determines that oral argument is not necessary at this time for a fair adjudication of the petition. E.D. Mich. L.R. 7.1(e).

Second, Petitioner seeks the appointment of counsel. There exists no constitutional right to the appointment of counsel in civil cases, and the court has broad discretion in determining whether counsel should be appointed. *Childs v. Pellegrin*, 822 F.2d 1382, 1384 (6th Cir. 1987) ("[A]ppointment of counsel in a civil case is . . . a matter within the discretion of the court. It is a privilege and not a right.") (internal quotation omitted). A habeas petitioner may obtain representation at any stage of the case "[w]henever the United States magistrate or the court determines that the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B). In the instant case, the Court determines after careful consideration that the interests of justice do not require appointment of counsel at this time.

Finally, Petitioner has filed a Motion to Produce All Records Held at the Circuit Court. Petitioner argues that the Rule 5 materials produced by Respondent are inadequate for a fair adjudication of his claims. Rule 5 of the Rules Governing Section 2254 cases requires that, as part of its answer, respondent file a copy of any prior decisions, pleadings, briefs, and transcripts necessary to adjudicate the issues presented. While Respondent filed Rule 5 materials at the time he filed his Motion to Dismiss on exhaustion grounds, Respondent has not yet filed an answer

addressing the merits of the petition. If, after Respondent files his answer and any additional Rule 5 materials, the Court finds additional Rule 5 materials necessary for a fair adjudication of the petition, the Court will order the production of those materials. At this time, the Court finds it unnecessary to order the production of all circuit court records.

Accordingly, for the foregoing reasons, **IT IS ORDERED** that Petitioner's Motion to Reinstate Motion for Oral Argument, Motion for Appointment of Counsel, and Motion to Produce All Records Held at Circuit Court [docket entry #48] is **GRANTED** and these motions are reinstated.

**IT IS FURTHER ORDERED** that Petitioner's Motion for Oral Argument [docket entry #32], Motion for Appointment of Counsel [docket entry #34], and Motion to Produce All Records Held at Circuit Court [docket entry #33] are **DENIED**.

**SO ORDERED**.

Dated: September 21, 2007

s/Paul V. Gadola
HONORABLE PAUL V. GADOLA
UNITED STATES DISTRICT JUDGE

---

Certificate of Service

I hereby certify that on September 21, 2007, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following: Brenda E. Turner, and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants: Fred Reeves.

s/Ruth A. Brissaud
Ruth A. Brissaud, Case Manager
(810) 341-7845