**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

FRED DANIEL REEVES, JR.,

                    Petitioner,                    CIVIL CASE NO. 03-40282

v.                                                 HONORABLE STEPHEN J. MURPHY, III

WILLIE D. SMITH,

                    Respondent.
_____/

**OPINION AND ORDER DENYING PETITION FOR WRIT OF**
**HABEAS CORPUS AND DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY**

Petitioner Fred Daniel Reeves, Jr., has filed a *pro se* petition for a writ of habeas

corpus pursuant to 28 U.S.C. § 2254.  Petitioner, who is currently incarcerated at the

Standish Maximum Correctional Facility in Standish, Michigan, challenges his conviction

for assault with intent to rob while unarmed.  For the reasons set forth below, the Court

denies the petition.

BACKGROUND

Petitioner's conviction arises from the holdup of a beer delivery truck driver, Michael

Brown, on April 25, 1994, as Brown was making a delivery to a party store in Detroit.  The

Michigan Supreme Court, on direct review, summarized the facts leading to Petitioner's

conviction as follows:

> Testimony at defendant's trial discloses that complainant Michael Brown, a
> beer distribution driver, was returning to his truck after making a delivery
> when defendant Fred Reeves approached him with his hand inside what
> appeared to be a "small baby bag."  When defendant asked Brown if he
> could have some beer, Brown replied, "[N]o, I'll lose my job."  Brown testified,
> "[T]hen I noticed his bag and his hand right up to me and he said, 'What's
> more important, your job or your life?'"  When asked how defendant was
> holding the bag, Brown answered, "[a]s if to have a gun in it," and that he

believed defendant did have a gun. Defendant then ordered Brown to place two cases of beer on the sidewalk and to walk back to the truck as if nothing happened. Brown complied with the demand, returned to his truck, saw a nearby police car, and reported the incident.

The officers testified that they observed defendant walking away from the truck holding a white canvas bag. After conducting an unsuccessful search for weapons, they placed defendant under arrest.

*People v. Reeves*, No. 109446, pp. 2-3 (Mich. July 21, 1998).

Following a bench trial in Recorder's Court for the City of Detroit, Petitioner was convicted of assault with intent to rob while unarmed. He was sentenced on February 7, 1995, to one to fifteen years imprisonment.

Petitioner filed an appeal of right in the Michigan Court of Appeals. The Michigan Court of Appeals reversed his conviction on the ground that there was no proof that Petitioner possessed the actual ability to carry out the threatened battery, and remanded to the trial court for a determination as to whether sufficient evidence was presented to convict Petitioner of a lesser included offense. *People v. Reeves*, 222 Mich. App. 32 (Mich. Ct. App. 1997). The State appealed the Michigan Court of Appeals' decision to the Michigan Supreme Court. The Michigan Supreme Court reversed the decision of the Court of Appeals and remanded the case to the trial court for reinstatement of Petitioner's conviction. *People v. Reeves*, 458 Mich. 236 (1998).

Petitioner then filed a pending petition for a writ of habeas corpus, presenting the following claims:

I.      Actual innocence.

II.     Prosecutorial Misconduct.

III.    Police Misconduct.

2

IV.    Ineffective assistance of counsel.

V.     Ineffective assistance of appellate counsel.

VI.    Conviction obtained by use of perjured testimony.

VII.   Trier of fact was unaware of issue being raised by defense.

In response, Respondent filed a Motion for Summary Judgment and Dismissal of Petition for Writ of Habeas Corpus, on the ground that it was not timely filed. The Court held that the motion was timely filed, but held that all but one of Petitioner's claims had not yet been exhausted in state court. The Court, therefore, issued an Opinion and Order dismissing without prejudice Petitioner's unexhausted claims and staying further proceedings pending exhaustion of state court remedies.

Petitioner filed a motion for relief from judgment in the trial court, raising the following claims:

I.     Mr. Reeves is actually innocent of the crime [to] which he is sentenced.

II.    Mr. Reeves' conviction was secured with the known use of false/perjured testimony by prosecution's witnesses, violating Mr. Reeves due process.

III.   The trier of facts was unaware of the defense raised.

IV.    Counsel was ineffective in failing to interview known defense witnesses, while waiving the one endorsed witness who could have offered non-cumulative exculpatory testimony.

V.     Counsel was ineffective and violated Mr. Reeves' due process in failing to review with Mr. Reeves the presentence report prior to sentencing and lying to the court allowing Mr. Reeves to be sentenced based on erroneous information.

VI.    Counsel was ineffective in failing to obtain preliminary examination transcripts and utilize them as impeachment tools against complainant and failing to present preliminary exam testimony under M.R.E. 803(2).

VII.   Prosecution's failure to obtain and make known to the defense the identities

3

of several *res gestae* witnesses who made their existence known to the arresting officers has prejudiced and violated Mr. Reeves' due process.

VIII.   Both trial and appellate counsel were ineffective in failing to raise the above arguments.

The trial court denied the motion for relief from judgment because Petitioner failed to establish good cause and actual prejudice as required by Michigan Court Rule 6.508(D). *People v. Reeves*, No. 94-5055.

Petitioner filed an application for leave to appeal in the Michigan Court of Appeals. He raised the same claims raised in his motion for relief from judgment. The Michigan Court of Appeals denied leave to appeal. *People v. Reeves*, No. 265256 (Mich. Ct. App. Apr. 21, 2006). The Michigan Supreme Court also denied Petitioner's application for leave to appeal. *People v. Reeves*, No. 131205 (Mich. Oct. 31, 2006).

Petitioner then returned to this Court and requested that the Court lift the stay. The Court granted Petitioner's motion and reinstated Petitioner's previously unexhausted claims by an Order dated July 26, 2007.

Respondent has filed an Answer in Opposition to Application for Writ of Habeas Corpus and Petitioner has filed a Reply in response.

STANDARD OF REVIEW

Petitioner's claims are reviewed against the standards established by the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 ("AEDPA"). This Act "circumscribe[d]" the standard of review federal courts must apply when considering applications for a writ of habeas corpus raising the question of effective assistance of counsel, as well as other constitutional claims. *See Wiggins v. Smith*, 539 U.S. 510, 520 (2003).

4

As amended, 28 U.S.C. § 2254(d) imposes the following standard of review for habeas cases:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
>  (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
>  (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).  Therefore, federal courts are bound by a state court's adjudication of a petitioner's claims unless the state court's decision was contrary to or involved an unreasonable application of clearly established federal law. *Franklin v. Francis*, 144 F.3d 429, 433 (6th Cir.1998).  Mere error by the state court will not justify issuance of the writ; rather, the state court's application of federal law "must have been objectively unreasonable." *Wiggins v. Smith*, 539 U.S. at 521 (quoting *Williams v. Taylor*, 529 U.S. 362, 409 (2000)) (internal quotes omitted).  Additionally, this Court must presume the correctness of state court factual determinations.  28 U.S.C. § 2254(e)(1) ("In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct."); *see also Austin v. Jackson*, 213 F.3d 298, 300 (6th Cir. 2000) ("All factual findings by the state court are accepted by this Court unless they are clearly erroneous.").

The United States Supreme Court has explained the proper application of the "contrary to" clause as follows:

5

> A state-court decision will certainly be contrary to [the Supreme Court's] clearly established precedent if the state court applies a rule that contradicts the governing law set forth in our cases. . . .
>
> A state-court decision will also be contrary to this Court's clearly established precedent if the state court confronts a set of facts that are materially indistinguishable from a decision of this Court and nevertheless arrives at a result different from [the Court's] precedent.

*Williams*, 529 U.S. at 405-06.

The Supreme Court held that a federal court should analyze a claim for habeas corpus relief under the "unreasonable application" clause of § 2254(d)(1) "when a state-court decision unreasonably applies the law of this Court to the facts of a prisoner's case." *Id.* at 409.  The Court defined "unreasonable application" as follows:

> [A] federal habeas court making the "unreasonable application" inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable. . . .
>
> [A]n unreasonable application of federal law is different from an incorrect application of federal law. . . .   Under § 2254(d)(1)'s "unreasonable application" clause, then, a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly.   Rather, that application must also be unreasonable.

*Id.* at 409, 410-11.  *See also Dorchy v. Jones*, 398 F.3d 783, 787-88 (6th Cir. 2005); *McAdoo v. Elo*, 365 F.3d 487, 493 (6th Cir. 2004); *Rockwell v. Yukins*, 341 F.3d 507, 512 (6th Cir. 2003) (en banc).

<u>PETITIONER'S MOTIONS</u>

Currently pending before the Court are two motions filed by Petitioner.  First, Petitioner filed a Motion for Show Cause Order asking that Respondent be required to show cause as to why she should not be held in contempt of court for failing to comply with the

Court's order requiring a responsive pleading by November 25, 2007. Two days after the filing deadline, Respondent filed a Motion to File Answer *Instanter*. The Court held that the Respondent's failure to respond in a timely fashion was the result of excusable neglect and granted the motion. Given that Respondent requested and received leave to file an answer two days after the expiration of the allotted time for filing such a response, the Court shall deny Petitioner's request that Respondent be ordered to show cause why she should not be held in contempt.

Second, Petitioner filed a Motion Requesting Pleadings Filed by Respondent and the Court. Specifically, Petitioner requests copies of docket entries #60 (Respondent's Motion for Leave to File Answer *Instanter*), #61 (Answer to Complaint), #62 (Order Granting Motion for Leave to File *Instanter*), and #64 (Notice of Filing Rule 5 Materials). Docket entries #61, #62, and #64 contain certificates of service indicating that these documents were served upon Petitioner. In addition, in his Response to Answer in Opposition, Petitioner quotes at length from docket entry #61. Therefore, it is apparent he received a copy of this pleading. Docket entry #60 contains a certificate of service reflecting service upon an inmate other than Petitioner. However, the Court finds that this error did not prejudice Petitioner in any way and is irrelevant to a decision on the merits of the petition. Therefore, the Court denies the Motion.

DISCUSSION

I.  Procedural Default

Respondent argues that all of Petitioner's claims are procedurally defaulted. The doctrine of procedural default provides:

In all cases in which a state prisoner has defaulted his federal claims in state

7

> court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default, and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman v. Thompson*, 501 U.S. 722, 750 (1991). Such a default may occur if the state prisoner files an untimely appeal, *Coleman*, 501 U.S. at 750, if he fails to present an issue to a state appellate court at his only opportunity to do so, *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994), or if he fails to comply with a state procedural rule that required him to have done something at trial to preserve his claimed error for appellate review, *e.g.*, to make a contemporaneous objection, or file a motion for a directed verdict. *United States v. Frady*, 456 U.S. 152, 167-69 (1982); *Simpson v. Sparkman*, 94 F.3d 199, 202 (6th Cir. 1996). Application of the cause and prejudice test may be excused if a petitioner "presents an extraordinary case whereby a constitutional violation resulted in the conviction of one who is actually innocent." *Rust*, 17 F.3d at 162; *Murray v. Carrier*, 477 U.S. 478, 496 (1986).

For the doctrine of procedural default to apply, a firmly established state procedural rule applicable to the petitioner's claim must exist, and the petitioner must have failed to comply with that state procedural rule. *Warner v. United States*, 975 F.2d 1207, 1213-14 (6th Cir. 1992), *cert. denied*, 507 U.S. 932 (1993). Additionally, the last state court from which the petitioner sought review must have invoked the state procedural rule as a basis for its decision to reject review of the petitioner's federal claim. *Coleman*, 501 U.S. at 729-30.

This Court begins its analysis of whether Petitioner's claims are procedurally defaulted by looking to the last reasoned state court judgment denying Petitioner's claims. *See id.* The Michigan Supreme Court, the last state court to address Petitioner's claims

8

which were presented for the first time on collateral review, denied leave to appeal because the petitioner "failed to meet the burden of establishing entitlement to relief under M.C.R. 6.508(D)." *People v. Reeves*, 477 Mich. 909 (Mich. Oct. 31, 2006).

The Sixth Circuit Court of Appeals has held that M.C.R. 6.508(D) is a firmly established and regularly followed state ground precluding subsequent federal habeas review absent a showing of cause and prejudice where the rule was in effect at the time of a petitioner's direct appeal. *Luberda v. Trippett,* 211 F.3d 1004, 1007 (6th Cir. 2000), *citing Rogers v. Howes*, 144 F.3d 990 (6th Cir. 1998). M.C.R. 6.508(D) was enacted in October 1989. Petitioner was convicted in 1995. Thus, M.C.R. 6.508(D) was a firmly established and regularly followed state procedural bar at the time of Petitioner's convictions and direct appeal. The Sixth Circuit Court of Appeals has also held that even a judgment as brief as the one by which the Michigan Supreme Court denied leave to appeal in this case is sufficient to invoke the doctrine of procedural default. *Ivory v. Jackson*, 509 F.3d 284, 292-93 (6th Cir. 2007); *Simpson v. Jones*, 238 F.3d 399, 408 (6th Cir. 2000). Accordingly, the state court's judgment clearly rested on a procedural bar and the doctrine of procedural default is invoked.

Therefore, this Court may not review Petitioner's claims unless he has established cause for the default and actual prejudice as a result of the alleged violation of federal law or unless he has demonstrated that failure to consider these claims will result in a fundamental miscarriage of justice. *Coleman*, 501 U.S. at 750.

Petitioner asserts ineffective assistance of appellate counsel to excuse the default of his claims. The Supreme Court has held that "cause" under the cause and prejudice standard must be "something *external* to the petitioner, something that cannot be fairly

9

attributed to him." *Id.* at 753.  The Court further held that "[a]ttorney ignorance or inadvertence is not 'cause' because the attorney is the petitioner's agent when acting, or failing to act, in furtherance of the litigation, and the petitioner must 'bear the risk of attorney error' . . . . Attorney error that constitutes ineffective assistance of counsel is cause, however." *Id.* at 753-54 (internal citations omitted).

In *Strickland v. Washington*, 466 U.S. 668 (1984), the Supreme Court established a two-pronged test for determining whether a habeas petitioner has received ineffective assistance of counsel.  First, a petitioner must prove that counsel's performance was deficient, which "requires a showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment." *Id.* at 687.  The Supreme Court has "declined to articulate specific guidelines for appropriate attorney conduct and instead [has] emphasized that '[t]he proper measure of attorney performance remains simply reasonableness under prevailing professional norms.'" *Wiggins v. Smith*, 539 U.S. 510, 520 (2003) (quoting *Strickland*, 466 U.S. at 688; additional internal quotations omitted).  However, when assessing counsel's performance, the reviewing court should afford counsel great deference.  *Strickland*, 466 U.S. at 689 (observing that "[a] fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time" and that a convicted person who seeks to criticize his attorney's performance "must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy'").

Second, a petitioner must show that counsel's deficient performance prejudiced

10

petitioner.  A petitioner may establish prejudice by "showing that counsel's errors were so serious as to deprive the defendant of a fair trial."  *Id.*

The Supreme Court has held that a petitioner does not have a constitutional right to have appellate counsel raise every non-frivolous issue on appeal.  *Jones v. Barnes*, 463 U.S. 745, 754 (1983).  The Court further stated:

> For judges to second-guess reasonable professional judgments and impose on appointed counsel a duty to raise every "colorable" claim suggested by a client would disserve the . . . goal of vigorous and effective advocacy. . . . Nothing in the Constitution or our interpretation of that document requires such a standard.

*Id.* at 754.  Strategic and tactical choices regarding which issues to pursue on appeal are "properly left to the sound professional judgment of counsel."  *United States v. Perry*, 908 F.2d 56, 59 (6th Cir. 1990).

To determine whether his appellate attorney was ineffective in failing to raise these defaulted claims on direct appeal, the Court considers the merits of Petitioner's claims.

A.  Alleged Use of Perjured Testimony

First, Petitioner argues that his conviction was secured by the prosecutor's knowing use of false testimony, where the complaining witness, Michael Brown, gave inconsistent testimony at the preliminary examination and at trial, and where police officer Miller's trial testimony was itself inconsistent.

"[D]eliberate deception of a court and jurors by the presentation of known false evidence is incompatible with rudimentary demands of justice."  *Giglio v. United States*, 405 U.S. 150, 153 (1972) (internal quotation omitted).  "The same result obtains when the State, although not soliciting false evidence, allows it to go uncorrected when it appears."  *Napue v. Illinois*, 360 U.S. 264, 269 (1959).  A conviction obtained by the knowing use of

11

perjured testimony must be set aside "if 'the false testimony could . . . in any reasonable likelihood have affected the judgment of the jury . . .'" *Giglio*, 405 U.S. at 154, *quoting Napue*, 360 U.S. at 271.  *See also United States v. Agurs*, 427 U.S. 97, 103 (1976).  In order to prove this claim, a Petitioner must show that

> (1) the statement was actually false; (2) the statement was material; and (3) the prosecution knew it was false.

*Coe v. Bell*, 161 F.3d 320, 343 (6th Cir. 1999).  Petitioner has the burden of proving a *Brady* violation.  *Carter v. Bell*, 218 F.3d 581, 601 (6th Cir. 2000) (citing *Moore v. Illinois*, 408 U.S. 786, 794-95 (1972)).

In this case, Petitioner has, at most, highlighted some inconsistencies in Brown's and Miller's trial testimony.  Defense counsel adequately explored these inconsistencies. Petitioner has failed to demonstrate that any of the testimony was actually false, rather than simply the result of uncertain memories, nor has he shown that the statements were material.  Therefore, Petitioner has failed to show that appellate counsel was ineffective in failing to raise this claim on direct appeal.

### B.  Trial Court's Fair Consideration of Defense Theory

Second, Petitioner argues that he was denied a fair trial because the trial court was unaware of the crux of Petitioner's defense, which relied upon an alleged inconsistency in Brown's testimony.  According to Petitioner, at the preliminary examination, Brown testified that he was robbed *prior to* completing his beer delivery and, at the trial, testified that he was robbed *after* completing his delivery.  Petitioner claims that the trial court was unaware that his defense was based upon this discrepancy in testimony and, had the trial judge been aware of this discrepancy, would have reached a different verdict.

12

In fact, the trial court's findings of fact indicate that the court was aware of the defense and found it irrelevant. The trial court found that whether Brown was unloading or loading the truck or had completed his delivery had no impact on the guilty finding. Based upon the foregoing, the Court finds that the trial court judge considered and rejected Petitioner's defense. Therefore, appellate counsel was not ineffective in failing to raise this claim on appeal.

C.  Ineffective Assistance of Counsel

Petitioner asserts several ineffective assistance of trial counsel claims. Petitioner argues that trial counsel was ineffective in: (1) failing to interview known defense witnesses and waiving an endorsed witness; (2) failing to review the presentence report with Petitioner and allowing Petitioner to be sentenced based upon false information; and (3) failing to impeach Michael Brown with his preliminary examination testimony.

Petitioner asserts a general, unsupported, unsubstantiated claim that his attorney failed to interview known defense witnesses. Petitioner fails to provide adequate support for this conclusory claim. A conclusory claim, not supported by facts, will not entitle a petitioner to habeas corpus relief. *Lynott v. Story*, 929 F.2d 228, 232 (6th Cir.1991). Petitioner further argues that counsel was ineffective in waiving endorsed witness Kimberly Bryant. He contends that she would have provided exculpatory evidence. However, other than this conclusory claim, he provides no support for this argument. He does not provide an affidavit from Bryant or any other offer as to what her testimony would have been. This conclusory allegation is insufficient to overcome the presumption that counsel's decision to waive Bryant's appearance was the result of reasonable trial strategy.

Next, Petitioner argues that counsel was ineffective in failing to review the

13

presentence information report with him prior to sentencing and failing to correct inaccurate information contained in the report.  A sentence violates due process when "it was carelessly or deliberately pronounced on an extensive and materially false foundation which the prisoner had no opportunity to correct."  *Draughn v. Jabe*, 803 F. Supp. 70, 80 (E.D. Mich. 1992), *aff'd,* 989 F.2d 499 (6th Cir. 1993), *citing Townsend v. Burke*, 334 U.S. 736, 741 (1948).  A sentence must be set aside where "the defendant can demonstrate that false information formed part of the basis for the sentence.  The defendant must show, first, that the information before the sentencing court was false, and, second, that the court relied on the false information in passing sentence."  *United States v. Stevens*, 851 F.2d 140, 143 (6th Cir. 1988).  Again, other than a conclusory allegation, Petitioner fails to show that his sentence was based upon any false information.  Therefore, he cannot show that he was prejudiced by his attorney's representation in this regard.

Finally, Petitioner claims that defense counsel was ineffective in failing to impeach Michael Brown with his preliminary examination testimony.  Defense counsel cross-examined Brown regarding whether he was in the process of unloading or already had unloaded his truck.  The trial court found that whether Brown already had unloaded or was unloading his truck was irrelevant to her guilt determination.  Therefore, Petitioner cannot show that he was prejudiced by counsel's failure to introduce the preliminary examination testimony.  Moreover, having reviewed the preliminary examination testimony, the Court finds that the testimony did not clearly impeach Brown.

### D.  Alleged Failure to Disclose Witnesses

Petitioner argues that the prosecutor committed misconduct in failing to make known to the defense the identities of witnesses.  Officer Miller testified that, after Petitioner was

14

placed under arrest, a significant and hostile crowd gathered at the scene of the crime. The crowd was sufficiently large and hostile that he and his partner called for backup officers.  He testified that attempts were made to interview witnesses, but that the safety of the officers made that impractical.  Officer Miller's testimony demonstrates that the police were unable to interview and ascertain the identity of potential witnesses.  Petitioner has not shown that any witnesses were identified whose identity was not later turned over to the defense.  Therefore, Petitioner has not shown that appellate counsel was ineffective in failing to raise this issue on appeal.

### E.  Miscarriage of Justice Exception to Procedural Default

Petitioner fails to demonstrate that the issues that were allegedly ignored by his appellate counsel in his direct appeal were clearly stronger than those that were presented, and he has failed to overcome the strong presumption that his counsel was competent. Therefore, these claims are procedurally defaulted unless the petitioner can establish that a constitutional error resulted in a fundamental miscarriage of justice.  *Schlup v. Delo*, 513 U.S. 298 (1995).

The Supreme Court explicitly has tied the miscarriage of justice exception to procedural default to a petitioner's innocence.  *Id.* at 321.  Thus, a petitioner must assert a constitutional error along with a claim of innocence.  "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence -- whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence -- that was not presented at trial."  *Id.*

Petitioner has not supported his allegation of constitutional error with new reliable evidence of actual innocence that was not presented to the trial court.  Accordingly, these

15

claims are procedurally defaulted.

II.  Freestanding Actual Innocence Claim

Finally, to the extent that Petitioner raises a freestanding actual innocence claim, this claim may not form the basis for habeas corpus relief.

"Claims of actual innocence based on newly discovered evidence have never been held to state a ground for federal habeas relief absent an independent constitutional violation occurring in the underlying state criminal proceeding. . . . [F]ederal habeas courts sit to ensure that individuals are not imprisoned in violation of the Constitution -- not to correct errors of fact."  *Herrera v. Collins*, 506 U.S. 390, 400, (1993).  Therefore, Petitioner's claim that he is actually innocent, an independent constitutional violation is insufficient to establish a basis for habeas corpus relief.  Moreover, Petitioner has not shown "that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence."  *Schlup v. Delo*, 513 U.S. 298, 327.

CERTIFICATE OF APPEALBILITY

A district court, in its discretion, may decide whether to issue a certificate of appealability ("COA") at the time the court rules on a petition for a writ of habeas corpus or it may wait until a notice of appeal is filed to make such a determination.  *Castro v. United States,* 310 F.3d 900, 903 (6th Cir. 2002).  In deciding to deny the habeas petition, the Court has carefully reviewed the case record and the relevant law, and concludes that it is presently best able to decide whether to issue a COA.  *See id.* at 901-02 ("[Because] 'a district judge who has just denied a habeas petition . . .  will have an intimate knowledge of both the record and the relevant law,'" the district judge is, at that point, often best able to determine whether to issue the COA.) (*quoting Lyons v. Ohio Adult Parole Auth.*, 105

16

F.3d 1063, 1072 (6th Cir. 1997), *overruled on other grounds by Lindh v. Murphy*, 521 U.S. 320 (1997)).

A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. §2253(c)(2).  A petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  *Slack v. McDaniel,* 529 U.S. 473, 484 (2000) (internal quotation omitted).  In this case, the Court concludes that reasonable jurists would not debate the Court's conclusion that the petition does not present any claims upon which habeas relief may be granted.  Petitioner does not deserve encouragement to proceed further.  Therefore, the Court will deny a certificate of appealability.

<u>CONCLUSION</u>

For the foregoing reasons, **IT IS ORDERED** that Petitioner's Motion for Order for Show Cause [docket entry #63] and Motion Requesting Pleadings Filed by Respondent [docket entry #66] are **DENIED**.

**IT IS FURTHER ORDERED** that the petition for a writ of habeas corpus is **DENIED** and the matter is **DISMISSED WITH PREJUDICE.**

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

**SO ORDERED.**

s/Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

17

Dated:  January 7, 2009

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on January 7, 2009, by electronic and/or ordinary mail.

s/Alissa Greer
Case Manager